# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-145V
(not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| MARIA KONG, | Special Master Corcoran |
| Petitioner, | Filed: June 6, 2017 |
| v. | Decision; Attorney's Fees and Costs. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Michael A. London*, Douglas & London, P.C., New York, NY, for Petitioner.

*Glenn A. MacLeod*, U. S. Dep't of Justice, Washington, DC, for Respondent.

**DECISION GRANTING ATTORNEY'S FEES AND COSTS** [1]

On February 24, 2014, Maria Kong filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"), alleging that she suffered from Guillain-Barré syndrome as a result of her November 5, 2012, receipt of the trivalent influenza vaccine.[2] The parties eventually filed a stipulation for damages on October 11, 2016 (ECF No. 29), which I adopted as my decision awarding damages on October 17, 2016. ECF No.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

31.

Petitioner has now filed a motion requesting final attorney's fees and costs, dated May 17, 2017. *See* ECF No. 36 ("Fees App."). Petitioner requests reimbursement of attorney's fees and costs in the total amount of $40,018.39 (representing $33,547.50 in attorney's fees, plus $6,470.89 in costs). *Id*. at 3. In accordance with General Order No. 9, Petitioner represents that she did not incur any personal litigation expenses in conjunction with this proceeding. *Id*. at 6. Respondent filed a document reacting to the fees request on June 1, 2017, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to my discretion the determination of the amount to be awarded. ECF No. 37 at 2-3.

As a successful Vaccine Program Petitioner, Ms. Kong is entitled to an award for fees and costs. Petitioner's counsel is located in New York City, which has been found to be an "in-forum" location for purposes of determining the appropriate attorney hourly rate. *See, e.g., Echevarria v. Sec'y of Health & Human Servs.*, No. 15-100V, 2016 WL 6872975, at *3 (Fed. Cl. Spec. Mstr. Oct. 28, 2016) (forum rates are appropriate for the New York City metro area); *Becker v. Sec'y of Health & Human Servs.*, No. 13-687V, 2014 WL 4923160, at *5-6 (Fed. Cl. Spec. Mstr. Sept. 11, 2014). The forum rate ranges as set forth in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) establish that an attorney with 11-19 years' experience should receive between $300-$375 per hour, while an attorney with 8-10 years' experience should receive $275-$350 per hour. *McCulloch*, 2015 WL 5634323, at *19.

Here, Petitioner requests $375 per hour for Mr. Michael London, $350 per hour for work performed by Ms. Virginia Anello, and $125 per hour for two paralegals.[3] Fees App. at 3. These requested rates are within the appropriate hourly rate ranges established for attorneys with comparable experience and will therefore be awarded. The hours expended on this matter also appear to be reasonable, and Respondent did not identify any entries as objectionable. Finally, the requested litigation costs appear to be reasonable, and will also be awarded.

I hereby GRANT Petitioner's motion for attorney's fees and costs. Accordingly, an award of **$40,018.39** should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Michael A. London, Esq. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[4]

---

[3] Mr. London has 19 years of experience, and Ms. Anello has over 10 years' experience. Fees App. at 22.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

**IT IS SO ORDERED.**

<u>/s/ Brian H. Corcoran</u>
Brian H. Corcoran
Special Master
